[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Kathleen Dubaldo, was introduced to the plaintiff by her former attorney who had been disbarred from the practice of law and on his recommendations sought the services of the plaintiff, an attorney, to continue her action for the dissolution of her marriage which had been commenced by said former attorney. The plaintiff out of friendship for said former attorney, agreed to reduce his fee.
The plaintiff and defendant thereafter entered into a written contract for legal services on an hourly basis, providing for a fee for a partner of $100 per hour and for an associate of $75 per hour. On the written contract the area reserved for a fee for a law clerk was blank. At that time the plaintiff had not hired a law clerk. This contract is dated May 6, 1985.
During the period 1985 to 1988 and through the present time, the plaintiff was and is a well-known, highly regarded attorney in the field of domestic relations. In the period 1985 through 1988 the plaintiff could command a fee of anywhere from $150 to $200 per hour. The defendant does not contest the fact that the fee agreed upon in the written agreement is a reduced fee.
Subsequent to entering into the written contract, the plaintiff retained the services of a law clerk who was fully trained as an attorney at law and was awaiting admission to the bar. It is customary for attorneys to use the services of law CT Page 313 clerks in order to minimize the full financial impact of using a fully qualified attorney who is a member of the bar in all matters relating to a given case. In accordance with the terms of the written contract, the plaintiff represented the defendant in connection with the dissolution of her marriage which entailed numerous hearings, meetings, telephone calls, research, a trial and appeal and proceedings subsequent to the appeal. The plaintiff periodically submitted an itemized bill to the defendant. These bills set forth the services of a law clerk, when they were used, and charged $60 per hour for same. Sixty dollars an hour for the legal services of a qualified law clerk such as that used was reasonable and customary during the period in contention. The defendant was aware that the law clerk was being used, knew the law clerk, had met him, had attended a party for him when he was admitted to the bar. The defendant made periodic payments on the bills that were submitted and on occasion expressed satisfaction with the services of the plaintiff. From time to time, after analysis of the bills, the defendant questioned certain items and in every situation where this was done, the bill was adjusted by the plaintiff in accordance with the wishes of the defendant. She never, however, complained about the law clerk charges.
Although a copy of the written contract was attached to the original complaint in this matter, showing $60 per hour in the area set forth for the law clerk's fee, no such entry appeared on the original contract and the plaintiff makes no claim for the law clerk's fees based upon the written contract. The plaintiff in his amended complaint brings this action under the written contract for attorney services only and under quantum meruit and implied contract for the law clerk services. Despite the claim of the defendant that the contract is a forgery and that the plaintiff is guilty of the forgery, in the opinion of the court, the insertion of the $60 figure in the copy of the contract attached to the complaint was done by a member of the plaintiff's secretarial staff and amounted to no more than an accounting convenience being a recognition of what that person assumed was a fact.
Subsequent to the filing of the amended complaint, the defendant filed a cross-complaint in which she claims that the plaintiff superfluously billed the defendant in excess of charges specified in the agreement and that she paid plaintiff in excess of the charges provided for in said agreement. The basis of this counterclaim is her claim now that she was improperly billed for the services of the law clerk and that in making payments on her bill for such services, she overpaid the plaintiff.
The defendant was unable to show that there was any CT Page 314 inaccuracy in the bills submitted by the plaintiff, with the exception of those charges which she protested and which were adjusted. The court finds that the bill submitted was reasonable for the work performed which, although very substantial, was done in accordance with the wishes of the defendant, albeit sometimes against the recommendations of the plaintiff. With respect to the bill submitted for the attorney's time in the amount of $20,950.50, the court finds the same was justifiable under the terms of the written contract. With respect to the claim of $10,956.00 billed for the time of the law clerk, the court finds that the same was justifiable in accordance with the implied contract and also on the basis of quantum meruit, being a reasonable value for the services rendered. The court, therefore, finds that the total billing of $33,096.57 was reasonable, and the court agrees that the defendant is entitled to the credit of $22,780.00 set forth by the plaintiff.
There appears to be no dispute with respect to the cost billed by the plaintiff in the amount of $1,190.07. In any event, the court finds that same is accurate and justified in this case. The court, therefore, renders judgment for the plaintiff on his complaint in the amount of $10,316.57 plus interest thereon at the rate of 10% per annum from August 1, 1988 to the date of this judgment.
The court finds no merit to defendant's counterclaim.
Judgment may enter for the plaintiff on his complaint in accordance with the above opinion.
Judgment may enter for the plaintiff on the counterclaim.
HALE, J.